# CIRCUIT COURT OF THE CITY OF NORFOLK

Kim S. King

v.

Virginia Housing
Development Authority et al.

September 6, 2012

Case No. (Civil) CL11-8895

By Judge Everett A. Martin, Jr.

In her amended complaint, the plaintiff alleges the defendants improperly foreclosed on her home. She seeks damages for breach of contract against the Virginia Housing Development Authority ("VDHA") (Count 1) and for breach of fiduciary duty against Evans & Bryant (the "Trustee") (Count 2). She also seeks a declaratory judgment against A. J. Potter Investments, L.L.C. ("Potter"), the purchaser at the foreclosure sale (Count 3). Lastly, she seeks a rescission of the foreclosure sale (Count 4) and an order to quiet title (Count 5) against all defendants. All the defendants have demurred. Her claims are based on violations of two federal regulations, both of which the defendants concede for purposes of the demurrer were incorporated into the deed of trust.

## 24 C.F.R. § 203.606(a)

The pertinent part of this regulation provides:

> The mortgagee may not commence foreclosure for a monetary default unless at least three full monthly installments due under the mortgage are unpaid after application of any partial payments that may have been accepted but not yet applied to the mortgage account.

The plaintiff pleads that she entered into a "special forbearance agreement" with VDHA in June of 2010, under which she would not have to pay timely the payments due from March (the first missed payment) through August of 2010, and that she would receive further payment instructions in September. She further claims that VDHA told her in September it would initiate a foreclosure, that she made the payments due for September and October 2010 but VDHA refused to accept them, that she filed for bankruptcy in November of 2010 to attempt to prevent foreclosure, but her petition was denied, that she "attempted to make additional mortgage payments, VDHA returned those as well" (amended complaint, paragraph 11), and that, in August of 2011, VDHA instructed the Trustee to foreclose.

VDHA and the Trustee demur to all counts claiming the amended complaint shows they did not violate the regulation. The plaintiff pleads in paragraph 44 of her amended complaint that, in August of 2011, VDHA instructed the Trustee to foreclose. Exhibit C attached to the amended complaint is a letter from VDHA to the plaintiff dated October 20, 2010, stating, in part, "your loan has been referred to foreclosure."

Even if foreclosure was commenced in October of 2010, the pleading shows the plaintiff was then more than three months behind. Between March 1 and October 20, eight months, she tendered two full payments (amended complaint, paragraph 8), and the amounts of the other payments she attempted to make (amended complaint, paragraph 11) are not specified. I sustain the demurrer to all counts insofar as the plaintiff pleads a violation of 24 C.F.R. § 203.606(a).

### 24 C.F.R. § 203.604(b)

In pertinent part this regulation provides: "The mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable effort to arrange such a meeting, before three monthly installments due on the mortgage are unpaid." This is a condition precedent to foreclosure when incorporated into the deed of trust. *Mathews v. PHH Mortgage Corp.*, 283 Va. 723, 724 S.E.2d 196 (2012). Unlike *Mathews*, the foreclosure sale has occurred here. VDHA and the Trustee demur contending this failure "does not provide sufficient grounds for Plaintiff to recover the relief prayer for in the Complaint absent her ability to demonstrate that, at the time of the purported violation, she was in a position to reinstate her loan."

The plaintiff does not allege the advertisement of the sale was deficient, that there was fraud or collusion in the sale, that the Trustee had no authority to conduct the sale, that the sales price was grossly inadequate, that the debt secured by the deed of trust had been paid before the sale, or that more land than necessary was sold to satisfy the debt.

If a trustee fails to comply with all the terms of the deed of trust and is enjoined from selling the land, he is the author of his own loss and

inconvenience. The creditor will suffer a delay in being paid, but the trustee may begin anew and comply with all the conditions of sale. Where, as here, a purchaser at a foreclosure sale without knowledge of any irregularity has paid for the property and improved it, his title ought not be lightly disturbed. It would be difficult, if not impossible, to restore the *status quo ante*. The law of Virginia appears to provide that a foreclosure sale will not be set aside if the trustee has substantially complied with his trust. *Smith v. Woodward*, 122 Va. 356, 370, 94 S.E. 916, 920 (1918). In our sister state, a trustee's sale under a deed of trust will not be set aside except for weighty reasons. *Corrothers v. Harris*, 23 W. Va. 177 (1883).

The plaintiff also argues that the court ought not be too concerned about Potter's title because, four days before the foreclosure sale, one of its agents came to inspect the property and she warned him "the situation was 'in litigation' " and she intended to "pursue the protection of her property rights in court, if necessary." (Amended complaint, paragraphs 17-18.) However, there was no pending litigation concerning the property before the foreclosure sale. The plaintiff filed her complaint on December 19, 2011. She filed a notice *lis pendens* on June 11, 2012. The foreclosure sale was held on October 28, 2011. Had Potter reviewed the records in the Clerk's Office on the morning of the sale, it would have found nothing challenging the Trustee's title or its authority to conduct the sale.

I conclude the failure to conduct or arrange for the face-to-face meeting, although perhaps a sufficient ground to enjoin a foreclosure sale, for the imposition of a regulatory sanction, or for an award of nominal damages, is not a sufficient ground to award compensatory damages or to set aside a completed foreclosure sale to a stranger to the deed of trust without notice of any defect in the sale, especially when the plaintiff has not alleged she was ever ready and able to redeem the property or cure the default before the sale.